AVA VILI, Plaintiff

v.

MOE TALALOTU and KILEPOA TUITAMA, Defendants

High Court of American Samoa
Trial Division

LT No. 71-83

September 9, 1988

Before KRUSE, Associate Justice and TAUANU'U, Chief
Associate Judge.

Counsel: For Plaintiff, Albert Mailo
         For Defendants, Togiola T.A. Tulafono

On Motion for New Trial and Reconsideration:

95

Defendants, Moe Talalotu and Kilepoa Tuitama, move for a new trial (and reconsideration) in the above-entitled matter.

This matter came up regularly for trial on July 25, 1988. Plaintiffs appeared prepared for trial. Neither defendant appeared and no attempt was made by or on behalf of defendants to otherwise notify the Court of defendants' absences. After hearing from plaintiff's counsel and after reviewing the matters on file, the Court found that neither defendant had demonstrated much interest in pursuing their claims. The file reflects numerous attempts by plaintiff to get this matter to trial along with corresponding continuances. Defendant Moe Talalotu's present claim of no "actual" notice of trial date attracts little, if any, sympathy in the circumstances. We found that this defendant was duly noticed in accordance with applicable rules of procedure when notice of trial date was delivered at his home some two months prior to trial. The person who received the actual notice was his son Finesi Moe. This same son received a copy of the judgment delivered also to defendant's home and notice of which certainly attracted immediate reaction.

We similarly found due service upon the co-defendant Kilepoa Tuitama.

While the court has in the past shown a decided preference for a hearing with all parties present (especially in land matters) there comes a time when the standard of "natural justice and convenience," as provided in A.S.C.A. § 3.0242, requires that a party be accorded his day in court. That time was upon us when this matter was heard.

Defendants' second ground advanced for a new trial, viz., prior adjudication concerning the disputed land, has been withdrawn.

The third ground advanced was that judgment awarding plaintiff "communal" land was inconsistent with plaintiff's advertised claim of "individually" owned lands. Defendants feel that the logical result of the case should have been "denial or rejection" of the registration application by plaintiff to individual ownership. This argument is a non sequitur. The evidence received by the Court was inconsistent with a claim to "individual" ownership but was found to be consistent with

"communal" entitlement.  Indeed the complaint prays for an adjudication of "communal" ownership.  We can see no conceivable prejudice to defendants by the conforming of our findings in accordance with the evidence, notwithstanding the content of plaintiff's advertised claim.

Accordingly the motion for new trial is denied.